ELMER FEHR, as Guardian of John Fehr, Appellant, v.
W. R. EDWARDS, Appellee.

**Recession:** PROOF OF INCOMPETENCY: To rescind the contact of
an alleged incompetent, where the value of the property pur-
chased by him was not materially less than the agreed price
and no fraud or deceit was alleged, incompetency must be clearly
shown.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN,
Judge.

FRIDAY, NOVEMBER 17, 1905.

THE opinion states the case.— *Affirmed.*

*Fremont Benjamin,* for appellant.

*A. M. Miller* and *John Newburn,* for appellee.

PER CURIAM.— On July 1, 1903, John Fehr entered
into a written contract to purchase from defendant a tract of
land in Polk county, Iowa, for the sum of $4,000, and made
an advance payment of $500 thereon. Some two weeks later
Elmer H. Fehr was appointed guardian of the said John H.
Fehr as a person of unsound mind, and brought this action
to rescind the contract and recover damages to the amount of
the advance payment. On trial to the court the petition was
dismissed, and the plaintiff has appealed.

· The issue is largely one of fact, and it would be profit-
less to enter upon any extended discussion of the testimony.
It is sufficient to say that the alleged incapacity of the pur-
chaser to do business is not clearly established, and it is not
seriously urged by counsel that the property was worth ma-
terially less than the contract price. Neither is fraud or

deceit charged. It may be that in view of his financial condition the land purchased was not an altogether wise investment for the plaintiff's ward, but that alone would not justify the interference of the court of equity. Very good business men frequently make such mistakes. A reading of the transcript, as well as the printed record, leads us to the conclusion that the decree of the trial court is right, and it is affirmed.— *Affirmed.*